# UNITED STATES DISTRICT COURT
## Southern District of Florida

Case No.: _____ **04-20379**

**CIV-MORENO**

JUAN VELAZQUEZ
      Plaintiff,

v.

THE CITY OF HIALEAH
a Municipal Corporation in Dade County
Florida,
& MAYOR RAUL MARTINEZ,
& POLICE CHIEF ROLANDO BOLAÑOS,
& KELVIN ORLANDO BOSTIC,
& BARBARO HERNANDEZ,
& SERGEANT THERESA PEARCE,
      Defendants.
_____/

**MAGISTRATE JUDGE**
**GARBER**

## COMPLAINT

Plaintiff, Juan Velazquez, by and through undersigned counsel, sues defendants, and as grounds states as follows:

### PRELIMINARY ALLEGATIONS

1. JURISDICTION of this Court is invoked pursuant to 28 USC 1331, 1343, 1391, 2201 AND 42 USC Section 1983; this action is brought pursuant to the Fourteenth Amendment of the United States Constitution to redress the deprivation of rights, privileges, and immunities secured thereby. This action is also brought pursuant to 42 USC 1985, & 1988, and the United States Constitution, more particularly, the Fourth, Fifth, Eight, and Fourteenth Amendments thereto. This action also includes the common law claims which are brought herein through Pendant Jurisdiction.

2. This is a proceeding for compensatory and punitive damages against Defendants, The City of Hialeah (Defendant City), Mayor Raul Martinez (Defendant Mayor), Police Chief Rolando Bolaños (Defendant Chief), and Sergeant Theresa Pearce (Defendant Pearce), Kelvin



Orlando Bostic (Defendant Bostic), and Barbaro Hernandez (Defendant Hernandez), for maintaining a policy, practice, custom and usage of withholding, denying or attempting to deprive or otherwise interfere with the Plaintiff's right to be free from unreasonable and excess force and cruel and unusual punishment.

3. The Plaintiff, Juan Velazquez, (hereinafter referred to as Plaintiff), is a resident of the Defendant City. Upon information and belief, Defendant City employs the Defendant Mayor, Defendant Chief, and Defendant Pearce, as sergeant/supervisor of police officers, and Defendant Bostic, and Defendant Hernandez, as uniformed sworn police officers.

4. The city of Hialeah is a municipality within Dade County Florida and is a "Person" within the meaning of 42 USC 1983.

5. Raul Martinez is the acting mayor of the City of Hialeah and is a person within the meaning of 42 U.S.C. 1983.

6. Rolando Bolaños is the acting Chief of Police for the City of Hialeah and is a "Person" within the meaning of 42 USC 1983.

7. Sergeant Theresa Pearce, Kelvin Orlando Bostic and Barbaro Hernandez, are sworn police officer employees of Hialeah and are "Persons" within the meaning of 42 USC 1983.

8. This is also a proceeding for damages sustained by the Plaintiff as a direct result of the deprivation of the civil rights by the Defendants herein and Plaintiff has complied with all notice requirements.

## FACTUAL BASIS

9. Through the ratification of city policies, both expressed, and implied via their course of conduct, Defendant City, and the Policy Making Defendants, (Defendant Mayor and Defendant Chief) intentionally and recklessly permitted police officers employed by the City Defendant to discriminate against Plaintiff's civil rights.

10. The Defendant City, Defendant Mayor, and Defendant police chief, acting under color of state law, jointly and severally, and by and through their agents, employees, and representatives, intentionally and recklessly discriminated against the Plaintiff's civil rights as protected by the Constitution of the United States, by allowing and instituting by their actions, a *de facto* policy of permitting and ratifying police misconduct. Said policy violated Plaintiff's Constitutional rights in that it was a contributing factor and proximately caused, the illegal detention, the illegal arrest, and unjustified beating of the Plaintiff. As a result of said policy,

Officer Defendants conducted an inadequate investigation, and filed false police reports in a concerted effort to cover up the unjustified violation of Plaintiff's civil rights, and the ensuing and unjustified, violent beating that the Plaintiff suffered.

11. A clear illustration of this *defacto* policy occurred on or about, June 30, 1999, when several local television news cameras, covering a widespread demonstration on a stretch of the Palmetto Expressway that runs through a portion of the City of Hialeah, captured clear video tape footage of Defendant Mayor, assaulting, and battering an individual, named Ernesto Mirabal, as Mr. Mirabal peacefully demonstrated, along with other members of the community.

12. The video tape footage clearly shows Defendant Mayor attacking Mr. Mirabal, grabbing him without warning, and punching and striking Mr. Mirabal about the face and torso. Mr. Mirabal only strikes back in self-defense after the unprovoked attack by the Defendant Mayor. City of Hialeah Police officers present at the scene converge on Mr. Mirabal and take him (Mr. Mirabal) into custody.

13. Moments later, the Defendant Mayor is seen before the very news cameras which witnessed his unprovoked attack upon Mr. Mirabal, claiming to have been the victim of an attack by Mr. Mirabal, and claiming to have acted only in self defense. Hence, the cover up ensued.

14. Despite clear evidence that it was the Defendant Mayor who attacked Mr. Mirabal, Defendant City's police department, headed by Defendant Chief, who was also present, proceeded to arrest Mr. Mirabal, and charge him with a host of charges, which were ultimately dropped.

15. A relevant portion of Mr. Mirabal's arrest affidavit reads: "The victim (Hialeah Mayor Raul Martinez) asked [Mr. Mirabal] to please disburse from the area. [Mr. Mirabal] responded by punching [Defendant Mayor] with a closed fist on [Defendant Mayor's] right cheek." [added for clarity] (Arrest Form attached as "Exhibit A")

16. Thus, in conjunction with, and with the cooperation and complicity of City Defendant's police department, Defendant Mayor, conducted what can only be described as a cover up of his own criminal misconduct. Said cover up included the production of false/misleading police reports, an illegal detention, an illegal arrest, and an inadequate investigation, which made the cover up possible, despite evidence which contradicted Defendant Mayor's version of events.

17. Said actions by Defendant Mayor, and the subsequent complicity by the Defendant Chief and his department, relayed an unmistakable message to officers of the City Defendant's police department that they were free to act with impunity, and would be free from having to respond to a fair and adequate investigation should any allegations of misconduct surface. These actions created an atmosphere of police impunity which was a contributing factor to, and proximately caused, the illegal detention, arrest, and beating of the Plaintiff.

18. Further, Defendant City, acting through the Policy Making Defendants, namely the Defendant Mayor and Defendant Chief, intentionally and recklessly permitted Defendant City's Police Department  and individual police officers to act in violation of the Constitutional rights of citizens, more specifically, the Plaintiff, as guaranteed by the Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States.

19. In November of 1999, said Policy Making Defendants permitted the City Defendant to enforce an arrest-quota policy whereby police officers working the midnight shift were mandated to conduct at least one DUI arrest, per month, of persons driving while under the influence, or be subject to disciplinary action, up to, and including termination.

20. Said policy, as is acknowledged in a memorandum authored by City of Hialeah Police Department Captain Edward Beyer led to the arrest of numerous innocent individuals, as indicated by breath test results that were either substantially below the legal limit of .08 blood alcohol concentration (BAC) or resulted in breath test results of .000 BAC, indicating that there had been no consumption of alcohol at all.

21. Policy Making Defendants being aware of this arrest-quota policy, and being made aware of its resulting in the illegal detention, seizures, arrest, and prosecution of innocent citizens, nevertheless intentionally and recklessly permitted the arrest-quota policy to persist.

22. Upon learning of the obvious and apparent record of illegal detentions and arrests, Policy Making Defendants took no steps, and thereby intentionally and recklessly, permitted the foreseeable, illegal detention, arrest, and prosecution of citizens pursuant to the Defendant City's policy, including the detention, arrest, and beating of the Plaintiff.

23. Further, Defendant City, again acting through the Policy Making Defendants, intentionally and recklessly failed to adequately train its officers, even upon learning of the obvious and apparent discrepancy between arrests for DUI and the corresponding breath test

4

results, thus making it foreseeable that the previously acknowledged pattern of illegal detentions and arrests, of innocent citizens, for DUI would continue.

24. City Defendant's policy, as mandated by Policy Making Defendants, and executed by Police Officer Defendants (Defendants Bostic, Hernandez, and Pearce) was a contributing factor, and proximately caused the illegal detention, illegal arrest, and beating of Plaintiff.

25. Further, dating as far back as 1998, Defendant City and the Policy Making Defendants were aware that a substantial portion of its police officers were involved in illegal activity including the submission of false police reports.

26. Despite being aware of this problem, Defendant City, acting through the Policy Making Defendants, intentionally and recklessly permitted the situation to persist, and such action was a contributing factor and proximate cause of the illegal detention, arrest, and beating of Plaintiff, and the subsequent cover up of the civil rights violations.

27. Police Officer Defendants, acting under the color of law, jointly and severally, intentionally discriminated against the Plaintiff, as supported by the following facts:

a.     On or about February 19, 2000, (a couple of months subsequent to the DUI arrest-quota policy going into effect) the Plaintiff was pulled over for a traffic stop at 68th street and 16th avenue, Hialeah, by Defendant Bostic.

b.     Defendant Bostic gestured to Plaintiff to get out of his car and approach the officer.

c.     As Plaintiff complied with Defendant Bostic's request, Defendant Bostic began to approach the Plaintiff, passed him, and proceeded to Plaintiff's car.

d.     Defendant Bostic entered the Plaintiffs car and yanked the keys from the ignition and directed Plaintiff to produce his driver's license and registration.

e.     The Plaintiff explained to Defendant Bostic that he worked at Marlin Mazda, a local car dealership, which had permitted the Plaintiff to drive this car home for the night. He explained to Defendant Bostic that the vehicle registration was behind the dealer tag and the insurance card was in the glove compartment.

f.     Defendant Bostic, over police radio, confirmed the Plaintiff's driver's license to be valid; at that point, without further behavioral support, Defendant Bostic ordered Plaintiff to perform roadside tests for sobriety.

g.      Plaintiff requested to know the rationale behind the request and was denied an answer. Plaintiff was asked for his consent to a warrantless search of the vehicle, and Plaintiff, not understanding the purpose for the intrusion declined to consent.

h.      Defendant Bostic searched the car despite the lack of consent and/or probable cause to search and found no contraband. The Plaintiff asked why he was the target of such invasive and abusive harassment and Defendant Bostic responded by saying, "because I don't like you man" at which that point, Defendant Bostic unbuckled and unsecured his service weapon from the hostler strap, placing Plaintiff in fear for his life.

i.      Defendant Bostic again ordered Plaintiff to perform the roadside tests and Plaintiff complied while fearing for his life. Plaintiff successfully completed the tests and Defendant Bostic seemed annoyed with the test results and by Plaintiff's insistence that he had not been drinking. Defendant Bostic then ordered Plaintiff to perform yet another field sobriety test, to which Plaintiff submitted.

j.      A second officer, Defendant Hernandez, arrived on the scene and had a private conversation with Defendant Bostic, after which Defendant Hernandez shined a bright police flashlight into Plaintiff's eyes causing him discomfort and apprehension, while Defendant Bostic proceeded to Plaintiff's trunk and told Plaintiff, "You know what tough guy, I'm gonna check your trunk." The Plaintiff declared that he was not authorizing a search of his trunk and demanded to know under what authority he was being detained. Defendant Bostic replied by declaring, "fuck-it, I'm going to check the trunk!"

k.      Defendant Hernandez then approached Plaintiff, faced him and pushed him backward, causing him to stumble and Defendant Bostic caught him from behind and began to choke the Plaintiff. The Plaintiff instinctively tensed and attempted to free himself from the choke hold at which time he felt the stinging sensation of a bite to his shoulder. He feared for his life and gave no resistance and was pushed onto the ground. While on the ground, the Plaintiff was repeatedly punched and kicked by both Defendants Bostic and Hernandez. Defendants Bostic and Hernandez beat Plaintiff in the face and body with multiple blows. One of the Defendants then grabbed Plaintiff's hair and pulled his head upward

and backward as Plaintiff lay face down, to facilitate further striking of Plaintiff's face and head. Plaintiff was then struck with a blunt hard weapon to his face, causing the sensation of shattering bones. Subsequent medical attention revealed that Plaintiff suffered a fractured nasal bone as a result of the beating.

l.    The Plaintiff began to lose consciousness and began slumping toward the ground when Officer Hernandez and Bostic again grabbed his head, propped it up, and continued to strike his head and body with both fists and a blunt object. Plaintiff was then allowed to fall to the ground and was writhing in pain when he heard additional voices. Plaintiff looked up to see Defendant Pearce on the scene, whom he recognized from high school. Plaintiff begged Defendant Pearce for help but instead helplessly felt Defendant Pearce's boot smash into his face, he then heard Defendant Pearce yell, "Mother Fucker!" Plaintiff then lost consciousness.

m.    Plaintiff was taken to Ward D at Jackson Memorial Hospital and was handcuffed to a bench where he suffered from the agonizing pain and lack of attention at the insistence of the Defendant Officers. Plaintiff was denied access to a toilet and was forced to urinate on himself.

n.    Defendants Bostic and Hernandez began to discuss the possible charges to file against Plaintiff and Plaintiff could overhear Defendant Hernandez on the phone asking for a statute number for the charge of depriving an officer of his communication device. Plaintiff begged Defendants Bostic and Hernandez for medical attention telling them that he was a father of three young children. His pleas fell on deaf ears.

o.    Finally, in violation of the State of Florida's implied consent law, §316.1932, Florida Statutes, Defendants Bostic and Hernandez, did not offer a breath test to the Plaintiff, despite reporting in the arrest form and supplemental reports that the Plaintiff, refused to submit to said breath test when offered, thereby unjustly resulting in the suspension of Plaintiff's driving privileges, in violation of Due Process. In so doing, Defendants Bostic and Hernandez also prevented Plaintiff from providing a breath sample which would have been exculpatory evidence and would have seriously undermined their supposed cause to arrest and detain the Plaintiff.

7

**COUNT I**

**42 USC 1983**

**as to THE CITY OF HIALEAH**

28.  Plaintiff realleges and reavers paragraphs 1 through 27, and incorporate them fully as if fully set forth herein.

29.  Defendant City, directly and through Policy Making Defendants and officials, employees or representatives, deprived the Plaintiff of the right to be free from unreasonable search and seizure, and to Equal Protection and Due Process of law and freedom from unnecessary use of force and cruel and unusual punishment. Defendant's acts, by and through Policy Making Defendants, management personnel and it's agents, were intentional and willful and with the full purpose and intent of depriving Plaintiff of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.

30.  The Plaintiff has no plain, adequate, or complete remedy at law, and is suffering, and will continue to suffer, irreparable injury because of the discriminatory policy, practice, custom and usage, of the Defendant City.

31.  Defendant City intentionally deprived the Plaintiff of his right to be free from unreasonable seizures, and from the depravation of his rights to procedural and substantive Due Process of Law and right to Equal Protection and freedom from unnecessary and excessive force and cruel and unusual punishment by the following acts:

a.   Defendant City permitted its management to allow the unnecessary and excessive infliction of force upon a citizen by its officers without restraint, control and reprimand.

b.   Defendant City permitted its officers, with management supervision to illegally arrest the Plaintiff, illegally search his property, and illegally restrain the Plaintiff.

c.   Defendant City through its management ratified the excessive and severe beating inflicted upon the Plaintiff by approving of the officers' actions, the failure to reprimand or thoroughly investigate the use of force, and the finding of the officers' actions to be proper.

8

d.      Defendant City failed to enforce or implement a reasonable policy of use of force and restraint and permitted officers to use excessive force without fear of punishment or accountability.

e.      Defendant City permitted an environment to exist in its police department which encouraged the blatant use of violence and "strong arm" tactics upon civilians with a pattern of little or no accountability for violent officers.

f.      Defendant permitted a *defacto* policy of encouraging and allowing police officers to falsely accuse persons, more particularly the plaintiff, of crimes without Due Process, and with reckless disregard for the truth.

g.      Defendant had *defacto* policy for officers to falsely charge persons, more particularly the Plaintiff, with violations, solely as a method of hiding their own criminal acts of excessive and unreasonable use of force.

h.      Defendant had a *defacto* policy for the selective avoidance of investigating police abuse, violence and wrongdoing and in fact permitted police officers with violent behavior and incidents to remain on the force with out punishment, restraint, training and adequate supervision.

i.      Defendant had a *defacto* policy of encouraging and permitting its police officers to use denial of medical facilities or treatment as a means of punishment.

32.     As a direct and proximate result of the intentional and wrongful acts of the Defendant City, Plaintiff has suffered damages and will continue to suffer damages from the humiliation, embarrassment, physical, mental, and emotional distress caused by the Defendant's acts of harassment, intimidation, illegal seizure, unnecessary and excessive use of force, denial of medical and sanitary facilities, and denial of Due Process and Equal Protection.

**WHEREFORE** Plaintiff demands judgment:

A.      Granting Plaintiff a declaratory judgment that the acts, policies and practices of the Defendant City complained of herein violate the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the provisions of Title 42 USC 1983.

B.      Granting Plaintiff judgment against the Defendant City, jointly and severally, with the Co-Defendants, for compensatory damages, including damages for physical, emotional and mental distress, past, present and future pain and suffering.

C.      Granting the Plaintiff judgment against the Defendant City.

D.      Awarding Plaintiff reasonable attorney's fees.

E.      Awarding Plaintiff reasonable cost and expenses herein.

F.      Any other relief this Court may deem just and proper.

G.      Plaintiff demands trial by Jury as to all issues of fact herein.

## COUNT II

## 42 USC 1983

### as to MAYOR RAUL MARTINEZ

33. Plaintiff realleges and reavers paragraphs 1 through 27, and incorporates them fully as if fully set forth herein.

34. Defendant Mayor, Raul Martinez, directly and through his agents, employees or representatives, deprived the Plaintiff of his right to be free from unreasonable search and seizure, and to Due Process and Equal Protection of the law. Defendant Mayor's acts, directly and through his agents, were intentional and willful with the full purpose and intent of depriving Plaintiff of his constitutional rights under the Forth, Fifth, Eighth, and Fourteenth Amendments.

35. The Plaintiff has no plain, adequate, or complete remedy at law. He is suffering and will continue to suffer irreparable injury because of the discriminatory policy, practice, custom and usage of Defendant Mayor.

36. As a direct and proximate result of the wrongful act of the Defendant Mayor, Plaintiff has suffered damages and will continue to suffer damages from the pain and suffering, humiliation, fear and embarrassment caused by the Defendant Mayor's acts of excessive and unreasonable use of force, harassment, and denial of Equal Protection and Due Process; Plaintiff claims punitive or exemplary damages.

37. Defendant Mayor, intentionally deprived the Plaintiff of his right to be free from unreasonable seizures, excessive and unreasonable use of force, and his rights from procedural and substantive Due Process of Law and Equal Protection by the following acts:

a.      Defendant permitted its management to allow the unnecessary and excessive infliction of force upon a citizen by its officers without adequate restraint, control and reprimand.

10

b.   Defendant permitted its officers, and with management supervision, the illegal arrest of the plaintiff, illegal search of his property and illegal restraint of the Plaintiff.

c.   Defendant through its management, ratified the excessive and severe beating inflicted upon the Plaintiff by approving of the officers' actions, failure to reprimand or thoroughly investigate the use of force, and finding the officers' actions to be proper.

d.   Defendant failed to enforce or implement a reasonable policy of use of force and restraint and permitted officers to use excessive force without fear of punishment or accountability.

e.   Defendant permitted an environment to exist in its police department which encouraged the blatant use of violence and "strong arm" tactics upon civilians with a pattern of little or no accountability for violent officers.

f.   Defendant Mayor permitted a *defacto* policy of encouraging and allowing police officers to falsely accuse persons, more particularly the Plaintiff, of crimes without due Process, and with reckless disregard for the truth.

g.   Defendant Mayor had a *defacto* policy of permitting police officers to falsely charge persons, more particularly the Plaintiff, with violations, solely as a method of hiding their own criminal acts of excessive and unreasonable use of force.

h.   Defendant Mayor had a *defacto* policy for the selective avoidance of investigating police abuse, violence and wrongdoing and in fact permitted police officers with violent behavior and incidents to remain on the force without punishment, restraint, training and adequate supervision.

38. Defendant Mayor acted in the above instances with the intent to deprive persons, more particularly the Plaintiff, of his Due Process rights, and his rights as guaranteed under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution.

39. Alternatively, Defendant Mayor, acted with deliberate indifference to the Plaintiff's rights under Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution by failing to maintain and enforce proper training facilities for his employees in the proper use of adequate force, in his failure to reprimand and punish violent and aggressive behavior by police officers, assisting police officers in hiding or diminishing their wrongful and excessive use of violence

11

and force, allowing a managerial environment to exist that encouraged and permitted violent and wrongful conduct on the part of police officers to go unpunished, or to be diminished in importance, encouraging management to disregard police misconduct and behavior and thereby allowing an environment of excessive force and reckless disregard for the rights of Plaintiff and others similarly situated.

40. As a direct and proximate result of the wrongful acts of Defendant Mayor, Plaintiff has suffered damages and will continue to suffer damages from the pain and suffering, humiliation, fear, embarrassment, and mental and emotional distress caused by Defendant Mayor's acts of excessive use of force, harassment, seizure and the denial of Due Process and Equal Protection to the Plaintiff.

**WHEREFORE** Plaintiff demands judgment:

A.    Granting Plaintiff a declaratory judgment that the acts, policies and practices of the Defendant Mayor complained of herein violate the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the provisions of Title 42 USC 1983.

B.    Granting Plaintiff judgment against the Defendant Mayor, jointly and severally, with the Co-Defendants, for compensatory damages, including damages for physical, emotional and mental distress, past, present and future pain and suffering.

C.    Granting the Plaintiff judgment against the Defendant Mayor.

D.    Awarding Plaintiff reasonable attorney's fees.

E.    Awarding Plaintiff reasonable cost and expenses herein.

F.    Any other relief this Court may deem just and proper.

G.    Plaintiff demands trial by Jury as to all issues of fact herein.

41. Plaintiff realleges and reavers paragraphs 1 through 27, and incorporates them fully as if fully set forth herein.

**COUNT III**

**42 USC 1983**

**as to POLICE CHIEF ROLANDO BOLAÑOS**

42. Defendant Chief, directly and through his agent, employees or representatives, deprived the Plaintiff of his right to be free from unreasonable search and seizure, and to Due

12

Process and Equal Protection of the law. Defendant Chief's acts, directly and through his agents, were intentional and willful with the full purpose and intent of depriving Plaintiff of his constitutional rights under the Forth, Fifth, Eighth, and Fourteenth Amendments.

43. The Plaintiff has no plain, adequate, or complete remedy at law. He is suffering and will continue to suffer irreparable injury because of the discriminatory policy, practice, custom and usage of Defendant Chief.

44. As a direct and proximate result of the wrongful acts of Defendant Chief, Plaintiff has suffered damages and will continue to suffer damages from the pain and suffering, humiliation, fear and embarrassment caused by the Defendant Chief's acts of excessive and unreasonable use of force, harassment, and denial of Equal Protection and Due Process; Plaintiff claims punitive or exemplary damages.

45. Defendant Chief, intentionally deprived the Plaintiff of his right to be free from unreasonable seizures, excessive and unreasonable use of force, and his rights from procedural and substantive Due Process of Law and Equal Protection by the following acts:

   a.    Defendant Chief's policies permitted and ratified the unnecessary and excessive infliction of force upon a citizen by its officers without adequate restraint, control and reprimand.

   b.    Defendant Chief's policies permitted and ratified the illegal arrest of the Plaintiff, illegal search of his property and illegal restraint of the Plaintiff.

   c.    Defendant Chief through actions, through his management, ratified the excessive and severe beating inflicted upon the Plaintiff by approving of the officers' actions, failure to reprimand or thoroughly investigate the use of force, and finding the officers' actions to be proper.

   d.    Defendant Chief failed to enforce or implement a reasonable policy of use of force and restraint and permitted officers to use excessive force without fear of punishment or accountability.

   e.    Defendant Chief permitted an environment to exist in its police department which encouraged the blatant use of violence and "strong arm" tactics upon civilians with a pattern of little or no accountability for violent officers.

13

f.      Defendant Chief permitted a *defacto* policy of encouraging and allowing police officers to falsely accuse persons, more particularly the Plaintiff, of crimes without Due Process, and with reckless disregard for the truth.

g.      Defendant Chief had a *defacto* policy of permitting police officers to falsely charge persons, more particularly the Plaintiff, with violations, solely as a method of hiding their own criminal acts of excessive and unreasonable use of force.

h.      Defendant Chief had a *defacto* policy for the selective avoidance of investigating police abuse, violence and wrongdoing and in fact permitted police officers with violent behavior and incidents to remain on the force without punishment, restraint, training and adequate supervision.

i.      Defendant Chief had a *defacto* policy of encouraging and permitting its police officers to use denial of medical facilities or treatment as a means of punishment.

46. Defendant Chief acted in the above instances with the intent to deprive persons, more particularly the Plaintiff, of his Due Process rights, and his rights as guaranteed under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution.

47. Alternatively, the Defendant Chief, acted with deliberate indifference to the Plaintiff's rights under Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution by failing to maintain and enforce proper training facilities for his employees in the proper use of adequate force, in his failure to reprimand and punish violent and aggressive behavior by police officers, assisting police officers in hiding or diminishing their wrongful and excessive use of violence and force, allowing a managerial environment to exist that encouraged and permitted violent and wrongful conduct on the part of police officers to go unpunished, or to be diminished in importance, encouraging management to disregard police misconduct and behavior and thereby allowing an environment of excessive force and reckless disregard of the rights of Plaintiff and others similarly situated.

48. As a direct and proximate result of the wrongful acts of Defendant Chief, Plaintiff has suffered damages and will continue to suffer damages from the pain and suffering, humiliation, fear, embarrassment, and mental and emotional distress caused by the Defendant's acts of excessive use of force, harassment, seizure and the denial of Due Process and Equal Protection to the Plaintiff.

**WHEREFORE** Plaintiff demands judgment:

A.      Granting Plaintiff a declaratory judgment that the acts, policies and practices of the Defendant Chief complained of herein violate the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the provisions of Title 42 USC 1983.

B.      Granting Plaintiff judgment against the Defendant Chief, jointly and severally, with the Co-Defendants, for compensatory damages, including damages for physical, emotional and mental distress, past, present and future pain and suffering.

C.      Granting the Plaintiff judgment against the Defendant Chief.

D.      Awarding Plaintiff reasonable attorney's fees.

E.      Awarding Plaintiff reasonable cost and expenses herein.

F.      Any other relief this Court may deem just and proper.

G.      Plaintiff demands trial by Jury as to all issues of fact herein.

## Count IV

## 42 UCS 1983

## as to KELVIN ORLANDO BOSTIC

49. Plaintiff realleges and reavers paragraphs 1 through 27, and incorporates them fully as if fully set forth herein.

50. Defendant Bostic, directly deprived the Plaintiff of the right to be free from unreasonable search and seizure, excessive and unnecessary use of force, cruel and unusual punishment, **and to Due Process and Equal** Protection of law. Defendant Bostic's acts were intentional and willful with the full purpose and intent of depriving Plaintiff of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.

51. The Plaintiff has no plain, adequate, or complete remedy at law. He is suffering, and will continue to suffer, irreparable injury because of the discriminatory policy, practice, custom, and usage of Defendant Bostic.

52. The Defendant, Bostic, intentionally, and acting under the color of law, violated Plaintiff's right to be free from unreasonable seizures, and from excessive and unnecessary use of

force, cruel and unusual punishment, deprivation of procedural and substantive Due Process of Law and Equal Protection by the following acts:

a. Defendant permitted and ordered the harassment of the Plaintiff by virtue of his office.

b. Defendant illegally seized, and search the person and property of the Plaintiff without probable cause.

c. Defendant caused the brutal and the violent beating of the Plaintiff without cause or justification

d. Defendant Bostic used deadly force by using a blunt weapon to Plaintiff's face and head thereby subjecting him to possible death or brain damage, all the while Plaintiff was unable to resist or cause Defendant reasonable fear of harm.

e. Defendant Bostic used force and violence as a form of torture and punishment without cause, due process and in violation of law.

f. Defendant Bostic denied Plaintiff medical attention and treatment as punishment and as a means of extracting an involuntary and unreliable statement.

g. Defendant Bostic denied Plaintiff use or access to a toilet and kept Plaintiff chained to a bench where he was forced to urinate on himself.

h. Defendant Bostic filed false and incorrect court and police papers in an attempt to hide and obfuscate his constitutional deprivations to Plaintiff.

i. Defendant Bostic failed to offer Plaintiff an opportunity to provide a breath test and thereby prove his innocence, and call into question the legality of the initial detention and arrest, as well as the need to use force.

53. Defendant Bostic acted in the above instances with the willful intent to deprive persons, more particularly the Plaintiff, of his Due Process rights and his rights as guaranteed under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution.

54. Alternatively, Defendant Bostic acted with deliberate indifference to the Plaintiff's rights under the Fourth, Fifth. Eighth, and Fourteenth Amendments to the constitution by failing to abide by proper procedures for arrests, use of force, use of deadly force, the handling of investigations on a fair, even and just manner, and in participating in the wrongful prosecution of the Plaintiff's case to avoid detection of his own constitutional wrongdoing.

55. As a direct and proximate result of the willful, malicious and wrongful acts of Defendant Bostic, plaintiff has suffered damages and will continue to suffer damages from the pain and suffering, humiliation, fear, embarrassment and mental and emotional distress caused by the Defendant Bostic's acts of excessive and deadly force, harassment, and denial of Due Process; Plaintiff claims punitive or exemplary damages.

**WHEREFORE** Plaintiff demands judgment:

A.     Granting Plaintiff a declaratory judgment that the acts, policies and practices of the Defendant Bostic complained of herein violate the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the provisions of Title 42 USC 1983.

B.     Granting Plaintiff judgment against the Defendant Bostic, jointly and severally, with the Co-Defendants, for compensatory damages, including damages for physical, emotional and mental distress, past, present and future pain and suffering.

C.     Granting the Plaintiff judgment against the Defendant Bostic.

D.     Awarding Plaintiff reasonable attorney's fees.

E.     Awarding Plaintiff reasonable cost and expenses herein.

F.     Any other relief this Court may deem just and proper.

G.     Plaintiff demands trial by Jury as to all issues of fact herein.

## COUNT V

### 42 USC 1983

### as to BARBARO HERNANDEZ

56.   Plaintiff realleges and reavers paragraphs 1 through 27, and incorporates them fully as if fully set forth herein.

57.   Defendant Hernandez, directly deprived the Plaintiff of the rights to be free from unreasonable search and seizure, excessive and unnecessary use of force, cruel and unusual punishment, and to Due Process and Equal Protection of law. Defendant Hernandez's acts were intentional and willful with the full purpose and intent of depriving Plaintiff of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.

58. The Plaintiff has no plain, adequate, or complete remedy at law. He is suffering, and will continue to suffer, irreparable injury because of the discriminatory policy, practice, custom and usage of Defendant Hernandez.

59. Defendant Hernandez, intentionally, and acting under the color of law, violated the Plaintiff's right to be free from unreasonable seizures, and from excessive and unnecessary use of force, cruel and unusual punishment, deprivation of procedural and substantive Due Process of Law and Equal Protection by the following acts:

a.    Defendant Hernandez permitted and ordered the harassment of the Plaintiff by virtue of his office.

b.    Defendant Hernandez illegally seized, and searched the person and property of the Plaintiff without probable cause.

c.    Defendant Hernandez caused the brutal and violent beating of the Plaintiff without cause or justification.

d.    Defendant Hernandez used deadly force by using a blunt weapon to Plaintiff's head and face thereby subjecting him to possible death or brain damage, all the while Plaintiff was unable to resist or cause Defendant reasonable fear of harm.

e.    Defendant Hernandez used force and violence as a form of torture and punishment without cause, due process and in violation of law.

f.    Defendant Hernandez denied Plaintiff medical attention and treatment as punishment and as a means of extracting an involuntary and unreliable statement.

g.    Defendant Hernandez denied Plaintiff use or access to a toilet and kept Plaintiff chained to a bench where he was forced to urinate on himself.

h.    Defendant Hernandez filed false and incorrect court and police papers in an attempt to hide and obfuscate his constitutional deprivations to Plaintiff.

i.    Defendant Hernandez failed to offer Plaintiff an opportunity to provide a breath test and thereby prove his innocence, and call into question the legality of the initial detention and arrest, as well as the need to use force.

60. Defendant Hernandez acted in the above instances with the willful intent to deprive persons, more particularly the Plaintiff, of his Due Process rights as guaranteed under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution.

61. Alternatively, Defendant Hernandez acted with deliberate indifference to the Plaintiff's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution by failing to abide by proper procedures for arrests, use of force, use of deadly force, and the handling of investigations on a fair, even and just manner, and in participating in the wrongful prosecution of Plaintiff's case to avoid detection of his own constitutional wrongdoing.

62. As a direct and proximate result of the willful, malicious and wrongful acts of Defendant Hernandez, Plaintiff has suffered damages and will continue to suffer damages from the pain and suffering, humiliation, fear, embarrassment and mental and emotional distress caused by the Defendant Hernandez's acts of excessive and deadly force, harassment, and denial of Due Process; Plaintiff claims punitive or exemplary damages.

**WHEREFORE** Plaintiff demands judgment:

A.   Granting Plaintiff a declaratory judgment that the acts, policies and practices of the Defendant Hernandez complained of herein violate the Fourth, Fifth, Eighth, **and Fourteenth Amendments** to the United States Constitution and the provisions of Title 42 USC 1983.

B.   Granting Plaintiff judgment against the Defendant Hernandez, jointly and severally, with the Co-Defendants, for compensatory damages, including damages for physical, emotional and mental distress, past, present and future pain and suffering.

C.   Granting the Plaintiff judgment against the Defendant Hernandez.

D.   Awarding Plaintiff reasonable attorney's fees.

E.   Awarding Plaintiff reasonable cost and expenses herein.

F.   Any other relief this Court may deem just and proper.

G.   Plaintiff demands trial by Jury as to all issues of fact herein.

### COUNT VI

### 42 USC 1983

### as to SARGENT THERESA PEARCE

63. Plaintiff realleges and reavers paragraphs 1 through 27, and incorporates them fully as if fully set forth herein.

64. Defendant Pearce, directly and through her agents, deprived the Plaintiff of the rights to be free from unreasonable search and seizure, excessive and unnecessary use of force, cruel and unusual punishment, and to Due Process and Equal Protection of law. Defendant Pearce's acts were intentional and willful with the full purpose and intent of depriving Plaintiff of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.

65. The Plaintiff has no plain, adequate, or complete remedy at law. He is suffering, and will continue to suffer, irreparable injury because of the discriminatory policy, practice, custom and usage of Defendant Pearce.

66. Defendant Pearce, intentionally, and acting under the color of law, violated the Plaintiff's right to be free from unreasonable seizures, and from excessive and unnecessary use of force, cruel and unusual punishment, deprivation of procedural and substantive Due Process of Law and Equal Protection by the following acts:

a.    Defendant Pearce permitted and ordered the harassment of the Plaintiff by virtue of her office.

b.    Defendant Pearce illegally seized, and searched the person and property of the Plaintiff without probable cause.

c.    Defendant Pearce allowed, concealed, and participated in the brutal and violent beating of the Plaintiff without cause or justification.

d.    Defendant Pearce used deadly force by using a blunt weapon to Plaintiff's head and face thereby subjecting him to possible death or brain damage, all the while Plaintiff was handcuffed and unable to resist or cause Defendant reasonable fear of harm.

e.    Defendant Pearce used force and violence as a form of torture and punishment without cause, due process and in violation of law.

f.    Defendant Pearce filed false and incorrect court and police papers in an attempt to hide and obfuscate her constitutional deprivations to Plaintiff.

g.    Defendant Pearce, as the supervisor attempted to manipulate the crime scene and evidence; by failing to order photographs of the Plaintiff's numerous and obvious wounds and injuries sustained at the hands of the Defendants Bostic and Hernandez, by failing to properly and truthfully prepare a "use of force" report which detailed the Plaintiff's injuries; by ordering crime scene to selectively

photograph and collect evidence which omitted the extreme violent beating given to the Plaintiff; in the filing of false criminal charges in order to cover up the civil rights violation perpetrated upon the Plaintiff's person. (Use of Force Report attached as "Exhibit B")

**WHEREFORE** Plaintiff demands judgment:

A.      Granting Plaintiff a declaratory judgment that the acts, policies and practices of the Defendant Pearce complained of herein violate the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the provisions of Title 42 USC 1983.

B.      Granting Plaintiff judgment against the Defendant Pearce, jointly and severally, with the Co-Defendants, for compensatory damages, including damages for physical, emotional and mental distress, past, present and future pain and suffering.

C.      Granting the Plaintiff judgment against the Defendant Pearce.

D.      Awarding Plaintiff reasonable attorney's fees.

E.      Awarding Plaintiff reasonable cost and expenses herein.

F.      Any other relief this Court may deem just and proper.

G.      Plaintiff demands trial by Jury as to all issues of fact herein.

**COUNT VII**

**BATTERY**

**as to DEFENDANT BOSTIC**

67. Plaintiff realleges and reavers paragraphs 1 through 27, and incorporates them fully as if fully set forth herein.

68. Defendant Bostic did intentionally touch and strike the Plaintiff in a violent and offensive manner.

69. The touching and striking of the Plaintiff was uninvited, unwelcome, unprovoked and unjustified.

70. The Plaintiff has suffered physical and psychological damages as a direct and proximate result of acts of Defendant Bostic.

71. Defendant Bostic's conduct was the proximate cause of pain and suffering and severe emotional distress which the Plaintiff has suffered, and will continue to suffer. The

Plaintiff has suffered extreme emotional distress manifested by the conditions of humiliation, embarrassment, depression, and physical and psychological pain.

**WHEREFORE**, Plaintiff demands judgment:

A.    Granting Plaintiff judgment against Defendant Bostic, and co-defendants, jointly and severally, for compensatory damages.

B.    Granting Plaintiff judgment against Defendant Bostic and co-defendants, jointly and severally, for punitive damages or exemplary damages.

C.    Awarding Plaintiff reasonable attorneys fees, costs, and expenses herein.

D.    Any other relief this Court may deem just and proper.

E.    Plaintiff demands trial by jury as to all issues of fact herein.


## COUNT VIII
## BATTERY
### as to DEFENDANT HERNANDEZ

72.  Plaintiff realleges and reavers paragraphs 1 through 27, and incorporates them fully as if fully set forth herein.

73.  Defendant Hernandez did intentionally touch and strike the Plaintiff in a violent and offensive manner.

74.  The touching and striking of the Plaintiff was uninvited, unwelcome, unprovoked, and unjustified.

75.  The Plaintiff has suffered physical and psychological damages as a direct and proximate result of acts of Defendant Hernandez.

76.  Defendant Hernandez's conduct was the proximate cause of pain and suffering and severe emotional distress which the Plaintiff has suffered, and will continue to suffer. The Plaintiff has suffered extreme emotional distress manifested by the conditions of humiliation, embarrassment, depression, and physical and psychological pain.

**WHEREFORE**, Plaintiff demands judgment:

A     Granting Plaintiff judgment against Defendant Hernandez, and co-defendants, jointly and severally, for compensatory damages.

B.    Granting Plaintiff judgment against Defendant Hernandez and co-defendants, jointly and severally, for punitive damages or exemplary damages.

C.    Awarding Plaintiff reasonable attorneys fees, costs, and expenses herein.

D.    Any other relief this Court may deem just and proper.

E.    Plaintiff demands trial by jury as to all issues of fact herein.

### COUNT IX

### BATTERY

### as to DEFENDANT PEARCE

77.  Plaintiff realleges and reavers paragraphs 1 through 27, and incorporates them fully as if fully set forth herein.

78.  Defendant Pearce did intentionally touch and strike the Plaintiff in a violent and offensive manner.

79.  The touching and striking of the Plaintiff was uninvited, unwelcome, unprovoked, and unjustified.

80.  The Plaintiff has suffered physical and psychological damages as a direct and proximate result of acts of Defendant Pearce.

81.  Defendant Pearce's conduct was the proximate cause of pain and suffering and severe emotional distress which the Plaintiff has suffered, and will continue to suffer. The Plaintiff has suffered extreme emotional distress manifested by the conditions of humiliation, embarrassment, depression, and physical and psychological pain.

**WHEREFORE**, Plaintiff demands judgment:

A.    Granting Plaintiff judgment against Defendant Pearce, and co-defendants, jointly and severally, for compensatory damages.

B.    Granting Plaintiff judgment against Defendant Pearce and co-defendants, jointly and severally, for punitive damages or exemplary damages.

C.    Awarding Plaintiff reasonable attorneys fees, costs, and expenses herein.

D.    Any other relief this Court may deem just and proper.

E.    Plaintiff demands trial by jury as to all issues of fact herein.

### COUNT X

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### as to DEFENDANT BOSTIC

82. Plaintiff realleges and reavers paragraphs 1 through 27, and incorporates them fully as if fully set forth herein.

83. Defendant Bostic, individually, and jointly and severally with Defendants Hernandez and Pearce, acted with the intent or recklessness calculated to cause emotional distress to the Plaintiff, or alternatively, Defendant Bostic knew or should have known that said distress would naturally follow from his acts individually, and in combination with the acts of Defendants Hernandez and Pearce.

84. Defendant Bostic's acts, individually, and in combination with the acts of Defendants Hernandez and Pearce were extreme and outrageous.

85. Defendant Bostic's acts were the proximate cause of the severe emotional distress which the Plaintiff has suffered and continues to suffer. The Plaintiff has suffered extreme emotional distress manifested by the condition of extreme shame, humiliation, anxiety, embarrassment, and depression.

WHEREFORE, Plaintiff demands judgment:

A.  Granting Plaintiff judgment against Defendant Bostic, and co-defendants, jointly and severally, for compensatory damages.

B.  Granting Plaintiff judgment against Defendant Bostic and co-defendants, jointly and severally, for punitive damages or exemplary damages.

C.  Awarding Plaintiff reasonable attorneys fees, costs, and expenses herein.

D.  Any other relief this Court may deem just and proper.

E.  Plaintiff demands trial by jury as to all issues of fact herein.

## COUNT XI

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## as to DEFENDANT HERNANDEZ

86. Plaintiff realleges and reavers paragraphs 1 through 27 and incorporates them fully as if fully set forth herein.

87. Defendant Hernandez, individually, and jointly and severally with Defendants Bostic and Pearce, acted with the intent or recklessness calculated to cause emotional distress to the Plaintiff, or alternatively, Defendant Hernandez knew or should have known that said distress would naturally follow from his acts individually, and in combination with the acts of Defendants Bostic and Pearce.

88. Defendant Hernandez's acts, individually, and in combination with the acts of Defendants Bostic and Pearce were extreme and outrageous.

89. Defendant Hernandez's acts were the proximate cause of the severe emotional distress which the Plaintiff has suffered and continues to suffer. The Plaintiff has suffered extreme emotional distress manifested by the condition of extreme shame, humiliation, anxiety, embarrassment, and depression.

**WHEREFORE**, Plaintiff demands judgment:

A.     Granting Plaintiff judgment against Defendant Hernandez, and co-defendants, jointly and severally, for compensatory damages.

B.     Granting Plaintiff judgment against Defendant Hernandez and co-defendants, jointly and severally, for punitive damages or exemplary damages.

C.     Awarding Plaintiff reasonable attorneys fees, costs, and expenses herein.

D.     Any other relief this Court may deem just and proper.

E.     Plaintiff demands trial by jury as to all issues of fact herein.

## COUNT XII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### as to DEFENDANT PEARCE

90. Plaintiff realleges and reavers paragraphs 1 through 27, and incorporates them fully as if fully set forth herein.

91. Defendant Pearce, individually, and jointly and severally with Defendants Bostic and Hernandez, acted with the intent or recklessness calculated to cause emotional distress to the Plaintiff, or alternatively, Defendant Pearce knew or should have known that said distress would naturally follow from her acts individually, and in combination with the acts of Defendants Hernandez and Bostic.

92. Defendant Pearce's acts, individually, and in combination with the acts of Defendants Bostic and Hernandez were extreme and outrageous.

93. Defendant Pearce's acts were the proximate cause of the severe emotional distress which the Plaintiff has suffered and continues to suffer. The Plaintiff has suffered extreme emotional distress manifested by the condition of extreme shame, humiliation, anxiety, embarrassment, and depression.

**WHEREFORE**, Plaintiff demands judgment:

A.    Granting Plaintiff judgment against Defendant Pearce, and co-defendants, jointly and severally, for compensatory damages.

B.    Granting Plaintiff judgment against Defendant Pearce and co-defendants, jointly and severally, for punitive damages or exemplary damages.

C.    Awarding Plaintiff reasonable attorneys fees, costs, and expenses herein.

D.    Any other relief this Court may deem just and proper.

E.    Plaintiff demands trial by jury as to all issues of fact herein.

**COUNT XIII**

**CONSPIRACY TO VIOLATE CIVIL RIGHTS**

**As to Defendants**

**BOSTIC**

**HERNANDEZ**

**&**

**PEARCE**

94.  Plaintiff realleges and reavers paragraphs 1 through 27, and incorporates them fully as if fully set forth herein.

95.  Defendants, Bostic, Hernandez, and Pearce, jointly and severally, did plan, confer, join, and conspire to violate the rights of the Plaintiff by attempting and actually controlling the crime scene and evidence retrieval in the arrest of the Plaintiff.  By their actions, they conspired to deny Plaintiff his right to Due Process and Equal Protection.

96.  Defendant Officers planned and conspired to deprive the Plaintiff of his civil rights in that, through the supervision of Defendant Pearce, acting as sergeant on the night of the arrest, Defendants Officers willfully and intentionally failed to photograph the Plaintiff's numerous and obvious injuries and wounds sustained at the hands of Defendant Officers; failed to properly and truthfully prepare a "use of force" report which would have detailed the Plaintiff's injuries and the causes and extent of said injuries; ordered the crime scene officers to selectively photograph the crime scene and to selectively collect evidence, such actions omitted evidence of wrongdoing by the Defendant Officers, including the violent beating of Plaintiff; failure to take a statement from Plaintiff pursuant to the standard operating procedure for the completion of the Use of Force Report; failed to offer the Plaintiff an opportunity to provide a breath test sample, as mandated by Florida's Implied Consent Law, and thereafter, falsely reported the Plaintiff refusal

26

to provide a breath sample; and finally, by the filing of false police reports, and false criminal charges in order to cover up the civil rights violations perpetrated upon the Plaintiff.

97. The Officer Defendants acted intentionally and willfully in their plan to deprive the Plaintiff of his rights to Due Process and Equal Protection.

98. The Defendants acted under the color of state law in the wrongful denial and deprivation of the Plaintiff's civil rights as protected by the Constitution.

99. As a direct and proximate result of the wrongful acts of the Defendant Officers, Plaintiff has suffered and will continue to suffer damages from the pain and suffering, humiliation, embarrassment, false arrest, destruction and omission of exonerating or exculpating evidence, and thereby a denial of Due Process of Law and Equal Protection.

WHEREFORE, Plaintiff demands judgment:

A.    Granting Plaintiff judgment against Defendant Officers, and co-defendants, jointly and severally, for compensatory damages.

B.    Granting Plaintiff judgment against Defendant Officers and co-defendants, jointly and severally, for punitive damages or exemplary damages.

C.    Awarding Plaintiff reasonable attorneys fees, costs, and expenses herein.

D    Any other relief this Court may deem just and proper.

E.    Plaintiff demands trial by jury as to all issues of fact herein.

## COUNT XIV

## NEGLIGENT HIRING

### As to Defendant

## CITY OF HIALEAH

100. Plaintiff realleges and reavers paragraphs 1 through 27, and incorporates them fully as if fully set forth herein.

101. Defendant City did employee Defendant Bostic as a City of Hialeah Police officer prior to February of 2000.

102. Defendant City knew, or in the exercise of reasonable diligence should have known that Defendant Bostic was unfit or incompetent to perform the duties for which he was employed and that an undue and foreseeable risk of harm to persons such as Plaintiff would exist because of the employment.

103. Despite this advance knowledge, Defendant City hired Defendant Bostic as a police officer, in conscious disregard for the safety and well being of others. As a result and proximate cause of the Defendant City's disregard for the safety and well being of others, Plaintiff was injured and has suffered and will continue to suffer damages, as manifested by pain and suffering, severe emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff demands judgment:

A.    Granting Plaintiff judgment against Defendant City, and co-defendants, jointly and severally, for compensatory damages.

B.    Granting Plaintiff judgment against Defendant City and co-defendants, jointly and severally, for punitive damages or exemplary damages.

C.    Awarding Plaintiff reasonable attorneys fees, costs, and expenses herein.

D.    Any other relief this Court may deem just and proper.

E.    Plaintiff demands trial by jury as to all issues of fact herein.

## COUNT XV

## NEGLIGENT RETENTION

### As to Defendant

## CITY OF HIALEAH

104. Plaintiff realleges and reavers paragraphs 1 through 27, and incorporates them fully as if fully set forth herein.

105. Defendant City did retain Defendant Bostic as a City of Hialeah Police officer prior to and through February of 2000.

106. Defendant City knew, or in the exercise of reasonable diligence should have known that Defendant Bostic was unfit or incompetent to perform the duties for which he was retained and that an undue and foreseeable risk of harm to persons such as Plaintiff would exist because of the employment.

107. Despite this advance knowledge, Defendant City retained Defendant Bostic as a police officer, in conscious disregard for the safety and well being of others. As a result and proximate cause of the Defendant City's disregard for the safety and well being of others,

Plaintiff was injured and has suffered and will continue to suffer damages, as manifested by pain and suffering, severe emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff demands judgment:

A.   Granting Plaintiff judgment against Defendant City, and co-defendants, jointly and severally, for compensatory damages.

B.   Granting Plaintiff judgment against Defendant City and co-defendants, jointly and severally, for punitive damages or exemplary damages.

C.   Awarding Plaintiff reasonable attorneys fees, costs, and expenses herein.

D.   Any other relief this Court may deem just and proper.

E.   Plaintiff demands trial by jury as to all issues of fact herein.

Respectfully Submitted,

Law Offices of Santiago Lavandera, P.A.
7950 N.W. 155th Street, Suite 201
Miami Lakes, FL 33016
Tel.: (305) 231-9933
Fax: (305) 231-7090
Email: SLavanderaESQ@hotmail.com

By: _____
Santiago Lavandera, Esquire
Fla. Bar No.: 0187720

Law Offices of Nelson T. Peña
7950 N.W. 155th Street, Suite 201
Miami Lakes, FL 33016
Tel.: (305) 231-9933
Fax: (305) 231-7090
Email: Nelson@nelsonpena.com

By: _____
Nelson T. Peña, Esquire
Fla. Bar No.: 875678

# EXHIBIT A

# EXHIBIT B

# EXHIBIT A

Case 1:04-cv-20379-STB Document 1-1 Entered on FLSD Docket 02/19/2004 Page 33 of 39

WARRANT UNIT

COMPLAINT/ARREST AFFIDAVIT

CORR & REHAB

HOSPITAL SERVICE UNIT

| Arrest Number | 99 JUN 30 | 3:56 | ☐ Felony ☐ Misdemeanor | ☐ Traffic ☐ Warrant ☐ Juvenile | 54684 | 99- | 26533 |
| IDS No. | | Agency Code 04 | Municipal P.D. Def. ID No. 698239 | MDPD Records and ID No. | | Court Case No. F99-22184 |

| DEFENDANT'S NAME | Last MIRABAL | First ERNESTO | Middle | DOB mo/day/yr 01/07/1978 | Sex M | Race W | Ethnic | Height 510 | Weight 150 | Hair BLK | Eyes BRN |

| LOCAL ADDRESS | Street 5420 W 21 CT | City HIALEAH | State FL | Zip 33016 | Phone (305) 828-0464 | Alias NONE GIVEN |
| PERMANENT ADDRESS | Street S/A | City | State | Zip | Phone | Address Source ☒ Verbal ☐ Voter's I.D. ☐ Driver's License ☐ Other |
| BUSINESS ADDRESS | Street UNEMPLOYED (LABORER) | City | State | Zip | Phone | Occupation LABORER | Place of Birth CUBA |

| DRIVER'S LICENSE NO N/A | State | Social Security No. 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 | Scars, Tattoos, Unique Physical Features NONE VISIBLE |

| Weapon Seized? Type ☐ Yes N/A | Arrest Date mo/day/yr 06/30/1999 | Arrest Time 125 ☒ A.M. ☐ P.M. | Arrest Location (include name of business) N 826 + 49 ST (NORTH) | GRID |

| If Def. has Concealed Weapons Permit. PERMIT # W- | For Robbery, Burglary, F/A Viol: Suspected History of drug involvement? ☐ Yes ☒ No | No. Cases Cleared 1 | Influence of Drugs ☐ Yes ☒ No ☐ Unk. | Influence of Alcoh. ☐ Yes ☒ No ☐ Unk. | Citizenship RESIDENT | Resid. Type ☐ Bay ☐ Dade ☒ Florida ☐ Out of State |

CO-DEFENDANTS

| 1. | Last | First | Middle | DOB mo/day/yr | ☐ In Custody ☐ Felony ☐ Juvenile ☐ At Large ☐ Misdemeanor |
| 2. | Last | First | Middle | DOB mo/day/yr | ☐ In Custody ☐ Felony ☐ Juvenile ☐ At Large ☐ Misdemeanor |

| DRUG ACTIVITY N. N/A P. Possess | S. Sell B. Buy T. Traffic | R. Smuggle D. Deliver E. Use | K. Dispense/ Distribute Z. Other | M. Manufacture/ Produce/ Cultivate | DRUG TYPE N. N/A A. Amphetamine | B. Barbiturate C. Cocaine H. Heroin | H. Hallucinogen M. Marijuana O. Opium/Deriv. | P. Paraphernalia/ Equipment S. Synthetic | U. Unknown Z. Other |

SIGNAL: ☐ 100 ☐ 150 ☐ 200 ☐ 250 ☐ 300 ☐ 400

| CHARGES | Activity | Type | Counts | STATUTE | D.V. | AC | CAPIAS | SBW | FW | DRW | CIT | VIOLATION OF SECT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. BATTERY ON ELECTED OFFICIAL | N | N | 1 | 784.081(3) | | | | | | | | 21-38 |
| 2. RESISTING W/ VIOLENCE | | N | 1 | 843.01 | | | | | | | | 21-38 |
| 3. INCITING A RIOT | | N | 1 | 870.01(2) | | | | | | | | 21-38 |
| 4. | | | | | | | | | | | | OF THE CODE OF HIALEAH |

The undersigned certifies and swears that he has just and reasonable grounds to believe, and does believe that the above named Defendant

On the 30TH day of JUNE 1999 N 120 ☒ A.M. ☐ P.M. (Time) N 826 & 49 ST (NORTH) (Location, include name of business)

committed the following violation of law: Narrative: (Be specific) Δ WAS PART OF A MASS CROWD THAT HAD GATHERED ON N 826 (PALMETTO EXPWY) & WAS INTENTIONALLY OBSTRUCTING N-BOUND TRAFFIC JUST N. OF 49 ST. POLICE OFCRS & STATE TROOPERS ATTEMPTED TO PEACEABLY DISPERSE THE CROWD WHEN Δ ASSUMED A COMBATIVE POSTURE. THE VICTIM (HIALEAH MAYOR RAUL MARTINEZ) ASKED THE Δ TO PLEASE DISPERSE FROM THE AREA. THE Δ RESPONDED BY PUNCHING THE VICTIM WITH A CLOSED FIST ON (HIS LEFT HAND) THE VICTIM'S RIGHT CHEEK. Δ THEN THREW ANOTHER CLOSED FISTED PUNCH WITH HIS RIGHT HAND AND MISSED. THIS OFC THEN ATTEMPTED TO TAKE THE Δ INTO CUSTODY. THE Δ PAGE 1 OF 2

Hold for Other Agency
Agency _____ Verified by _____

I Swear that the above statement is correct and true to the best of my knowledge and belief.

Officer's Name (Print) M. GREENEWALD

Officer's Signature _____

Department Name HIALEAH | Court ID Number/Loc Code 1185 04

☐ HOLD FOR BOND HEARING (DO NOT BOND OUT (Officer Must Appear at Bond Hearing)

Sworn to and subscribed before me, the undersigned authority, this 30TH day of JUNE 1999

SGT. NOYES-TAYLOR
Deputy of the Court or Notary Public
#06 70

I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Family Division Juvenile Section) anytime that my address changes.

You need not appear in court, but must comply with the instructions on the reverse side hereof.

Signature of Defendant, Juvenile and Parent or Guardian

**COURT COPY**

**COMPLAINT/ARREST AFFIDAVIT**
CONTINUATION

| OBTS Number | | ☑ Felony ☐ Misdemeanor ☐ Traffic | Jail No. | | Police Case No. |
| --- | --- | --- | --- | --- | --- |
| | | ☐ Juvenile ☐ Warrant | 54684 | | 99 - 26573 |
| IDS No. | | Agency Code 04 | Municipal P.D. Def. ID No. 0902339 | MDPD Records and ID No. | Court Case No. F99-2218 |

| DEFENDANT'S NAME   Last   First   Middle | | | | DOB mo/day/yr |
| --- | --- | --- | --- | --- |
| ~~Cole~~ MIRABAL   ERNESTO | | | | 01/07/78 |

| ADDITIONAL CHARGES | Activity | Type | Counts | STATUTE | ☐ AC ☐ CAPIAS ☐ BW ☐ FW ☐ PW ☐ CIT # | VIOLATION OF SECT. |
| --- | --- | --- | --- | --- | --- | --- |
| 5. | | | | | | |
| 6. | | | | | | |
| 7. | | | | | | OF THE CODE OF |
| 8. | | | | | | |

ATTEMPTED TO FLEE BUT WAS EVENTUALLY ~~STOPPED~~ RESTRAINED & RE-DIRECTED TO THE GROUND, WHILE

ON THE GROUND Δ ATTEMPTED TO PUNCH & KICK OFC'S & REFUSED TO PLACE HIS HANDS BEHIND

HIS BACK. Δ WAS EVENTUALLY RESTRAINED & ARRESTED. Δ ARRESTED & TRANSPORTED TO JAIL.

NOTE:

\* Δ WAS THE MAIN PARTICIPANT ~~IN~~ IN INCITING A RIOT ON N. 826.

PAGE 2 OF 2

| | |
| --- | --- |
| Hold for Other Agency | |
| Agency _____ Verified by _____ | ☐ HOLD FOR BOND HEARING, DO NOT BOND OUT (Officer Must Appear at Bond hearings) |
| I swear that the above statement is correct and true to the best of my knowledge and belief | ☐ I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court Juveniles notify Family Division Juvenile Section anytime that my address changes. |
| M. Gegenheimer | Sworn to and subscribed before me this undersigned authority this 30th day of June 1999 |
| Officer's Name (Print) | Sgt. Bryce - |
| Officer's Signature | Clerk of the Court or Notary Public |
| _____ (04) | #0670 |
| Department Name   Court ID Number/Loc. Code | ☐ You need not appear in court but must comply with the instructions on the reverse side hereof |

COURT COPY

| Signature of Defendant   Juvenile and Parent or Guardian |

# EXHIBIT B

RECEIVED

FEB 22 2000

CHIEF OF POLICE

# H i a l e a h   P o l i c e   D e p a r t m e n t
## C o n t r o l   o f   P e r s o n   R e p o r t

DATE _C2/19/00_  DAY _SATURDAY_  TIME _003L HRS_

Type of Incident: _TRAFFIC STOP_   Case Number: _OC-7517_

Location of Incident: _WIZ AVE & 68 ST_

Check Type of Control Used:

☐ Firearm   ☐ Baton   ☒ ASP   ☐ LVNR   ☒ Other _STRUGGLE_
☐ Dog Bite   ☒ Aerosol Deterrent Spray

---

INJURY TO SUBJECT   ☒ YES   ☐ NO

Check Type of Medical Treatment Rendered:

☐ N/A   ☒ Fire Rescue   ☒ Ward D   ☐ Hospital _____

---

Subject Arrested:   ☒ YES   ☐ NO

Charges: _BATTERY ON P.O., RES. WITH VIOLENCE, DEPRIVING OFFICER MEANS OF COMMUNICATING, ATTEMPT DEPRIVE OFC. OF WEAPON, POSS. OF COCAINE, POSS. OF MARIJUANA AND D.U.I._

Subject's Name: _JUAN VELAZQUEZ_   Race: _W_ Sex: _M_ DOB: _05/05/63_

Home Address: _1091 W 59 PL._

Home Phone: _305-557-6467_   Business Phone: _305-654-3800_

Witnesses Name:                    Address

| Home Phone |  | Work Phone |  |

Witnesses Name                    Address

| Home Phone |  | Work Phone |  |

Witnesses Name                    Address

| Home Phone |  | Work Phone |  |

Name of Supervisor Notified _THERESA PEARCE_   Hrs. _CO36 HRS_

Control of Person Report

Narrative

OFCR. K. BOSTIC REQUESTED MY ASSISTANCE ON A D.U.I INVESTIGATION AT W.16 & 68 ST. OFCR K. BOSTIC ADVISED ME THAT THE SUBJECT WAS BECOMING ADGITATED. I HAD THE SUBJECT INFRONT OF MY POLICE UNIT. THE SUBJECT WAS ABOUT TO BE PLACED UNDER ARREST FOR D.U.I WHEN HE ATTEMPTED TO DISCARD TWO BAGGIES OF COCAINE. THE DEF WAS GRABBING HIS PANT LEG TO DROP THE BAGGIES. WHEN I OBSERVED THIS, THE DEF SAW ME & ATTEMPTED TO GRAB THEM TO SWALLOW IT, I WENT TO GRAB THE DEF WHEN HE BEGAN TO KICK, PUNCH & VIOLENTLY RESIST ME. I CALLED OUT FOR OFFICER BOSTIC TO HELP ME. WHEN OFFICER BOSTIC ARRIVED THE DEF SWUNG AT BOSTIC & PUNCHED HIM ON THE LIP. THE DEF BEGAN TO FIGHT WITH BOTH OFFICERS. THE DEF GRABBED OF THE BUTT OF OFFICER BOSTIC'S GUN. AT THIS POINT I WAS IN FEAR FOR MY LIFE & OFFICER BOSTIC'S LIFE. WE ATTEMPTED TO GET THE DEFS ARM AWAY BU COULDN'T. I HAD TO RESORT TO MY ASP. I STRUCK THE DEF ON THE ARM HE WAS GRABBING THE GUN WITH. AFTER SEVERAL STRIKES THE DEF RELEASED THE WEAPON & ONCE AGAIN BEGAN TO FIGHT US. I THEN SPRAYED THE DEF WITH MY CITY ISSUED PEPPER SPRAY.

Witness Officers

Name                                                                        ID

Reporting Officer

Name
OFC   KEVIN BOSTIC                                                        ID
CFC   BARBARO HERNANDEZ                                                  0999

# Control of Person Supervisor Report

## Narrative

OFFICER BOSTIC STOPPED THE SUBJECT AND WAS INVESTIGATING D.U.I. CHARGES. THE SUBJECT BECAME INCREASINGLY AGITATED, THEREFORE OFC. BOSTIC REQUESTED OFC. B. HERNANDEZ COME BY. OFC. HERNANDEZ WITNESSED THE SUBJECT [SHAKE] HIS LEG IN AN ATTEMPT TO DISCARD TWO BAGGIES OF COCAINE WHICH FELL OUT OF HIS PANTS LEG. THE SUBJECT ATTEMPTED TO FLEE ON FOOT, BUT OFC. HERNANDEZ BEGAN STRUGGLING WITH HIM. THE SUBJECT KICKED AND PUNCHED OFC. HERNANDEZ WHO ALERTED OFC. BOSTIC THAT HE NEEDED ASSISTANCE. AS OFC. BOSTIC RAN TO ASSIST HE SAW THE SUBJECT ATTEMPT TO KNEE OFC. BOSTIC ON THE FACE (A (3-15) WAS REQUESTED) THE SUBJECT DEPRIVED OFC. HERNANDEZ OF HIS RADIO, THE SUBJECT PUNCHED OFC. BOSTIC ON THE MOUTH AND ATTEMPTED TO GRAB HIS GUN. OFC. HERNANDEZ WITNESSED THIS AND STRUCK THE SUBJECT ON HIS RIGHT ARM WITH HIS ASP. OFC. BOSTIC RE-DIRECTED THE SUBJECT TO THE GROUND. THE SUBJECT WAS EXTREMELY VIOLENT FORCING BOTH OFFICERS TO UTILIZE FORCE TO PROTECT THEMSELVES. THE OFFICERS ACTIONS ARE WITHIN GUIDLINES. THE SUBJECT WAS UNCOOPERATIVE AT THE TIME OF INTERVIEW.

Investigating Supervisor

Name
THERESA PEARCE

ID
C763

## OTHER SUPERVISORS ON SCENE

Name
LT. GARCIA

ID
0266

## Shift Commander Review

Name   JAMES   GARCIA                                DATE 2/21/00

Comments

NO VIOLATION OF S.O.P          NO ADDITIONAL TRAINING
                                                      NEEDED.

## Division Commander

Name CAPT. E BEYER                                    DATE 22 FEB 00

|   Control of Person Report forms a basis for further investigation

No basis for further investigation

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

04-2037

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**MORENO**

## I.(a) PLAINTIFFS

JUAN VELAZQUEZ

## DEFENDANTS

CITY of HIALEAH, MAYOR RAUL MARTINEZ, POLICE CHIEF ROLANDO BOLANOS, **MAGISTRATE JUDGE** ORLANDO BOSTIC, **GARBER** BARBARO HERNANDEZ, THERESA PEARCE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Dade/04-20379-CIV-Moreno/Garbe

**(c)** ATTORNEYS (FIRM NAME ADDRESS AND TELEPHONE NUMBER)
SANTIAGO LAVANDERA, P.A.
7950 NW 155 ST # 201
MIAMI LAKES, FL 33016   (305) 231-9933

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:  DADE,  MONROE,  BROWARD,  PALM BEACH,  MARTIN,  ST LUCIE,  INDIAN RIVER,  OKEECHOBEE,  HIGHLANDS

## II. BASIS OF JURISDICTION   (PLACE AN  X  IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 362 Personal Injury—Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability ☐ 365 Personal Injury—Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability **PERSONAL PROPERTY** | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 370 Other Fraud | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability ☐ 371 Truth in Lending | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment ☐ 510 Motions to Vacate Sentence **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations ☐ 530 General | ☐ 791 Empl Ret Inc Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare ☐ 535 Death Penalty |  | A☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights ☐ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights ☐ 555 Prison Condition |  |  | A OR B |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC 1983   Plaintiff beaten by City of Hialeah Police.

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION  ☐ UNDER F.R.C.P. 23

DEMAND $  10 MILLION

CHECK YES only if demanded in complaint
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY  (See instructions)

JUDGE ____   DOCKET NUMBER ____

DATE  FEBRUARY 17, 2004

SIGNATURE OF ATTORNEY OF RECORD  (signature)

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG JUDGE ____

$150.00  P9L828

02/18/04